1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

JEANNINE VEHRENCAMP,

                         Plaintiff,

      v.

KONE, INC.,

                       Defendant.

CASE NO. C16-5819BHS

ORDER DENYING
DEFENDANT'S MOTIONS TO
DISMISS

13

14

15

16

       This matter comes before the Court on KONE, Inc.'s ("Kone") motion to dismiss (Dkt. 8) and motion to dismiss amended complaint (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

17

**I. PROCEDURAL HISTORY**

18

19

20

21

       On August 31, 2016, Plaintiff Jeannine Vehrencamp ("Vehrencamp") filed a complaint against KONE in Clark County Superior Court for the State of Washington. Dkt. 1, Exh. 1. Vehrencamp asserts one cause of negligence against KONE based on a trip and fall in an elevator. *Id.*

22

       On September 23, 2016, KONE removed the matter to this Court. Dkt. 1.

1   On September 30, 2016, KONE filed a motion to dismiss.  Dkt. 8.  On October 20,

2   2016, Vehrencamp filed an amended complaint.  Dkt. 11.  On October 24, 2016,

3   Vehrencamp responded.  Dkt. 12.  On October 28, 2016, KONE replied.  Dkt. 14.  On

4   November 14, 2016, KONE filed a motion to dismiss Vehrencamp's amended complaint.

5   Dkt. 17.  On December 5, 2016, Vehrencamp responded.  Dkt. 19.  On December 9,

6   2016, KONE replied.  Dkt. 20

7   ## II. FACTUAL BACKGROUND

8   The current motions attack the parties' tolling agreement instead of the allegations

9   relating to Vehrencamp's injury.  The parties do not dispute that the date of

10  Vehrencamp's alleged injury is February 25, 2013, that the applicable statute of

11  limitations is three years from the date of the injury, or that Vehrencamp filed her

12  complaint months after the limitations period expired.  KONE, however, contends that

13  Vehrencamp did not give it seven days written notice before filing the complaint as

14  required by the parties tolling agreement.  Dkt. 17 at 2.

15  ## III. DISCUSSION

16  The main problem with KONE's motion to dismiss for failure to state a claim is

17  that it is not a motion to dismiss for failure to state a claim.  As shown in a recent order

18  from this Court, interpretation and breach of a tolling agreement raises questions of fact

19  that are not even amenable to a motion for summary judgment.  *United States v. Sw.*

20  *Airlines Co.*, C14-1693-JCC, 2015 WL 12559900 (W.D. Wash. Jan. 6, 2015).  Although

21  KONE cites some authorities for the proposition that a statute of limitations issue may be

22  decided on a motion to dismiss, those authorities addressed the issue of "when the

1  plaintiff knows the facts constituting fraud . . . ." *See*, *e.g.*, *Jablon v. Dean Witter & Co.*,

2  614 F.2d 677, 682 (9th Cir. 1980).  Imputation of facts to a party is entirely different that

3  the creation and performance of a contract.  Therefore, the Court concludes that KONE

4  has failed to meet its burden to show that Vehrencamp's claims are precluded because of

5  a breach of the parties' tolling agreement.

6  **IV. ORDER**

7  Therefore, it is hereby **ORDERED** that KONE's motion to dismiss (Dkt. 8) and

8  motion to dismiss amended complaint for failure to state a claim (Dkt. 17) are **DENIED**.

9  Dated this 26th day of January, 2017.

10

11

12  BENJAMIN H. SETTLE
   United States District Judge

13

14

15

16

17

18

19

20

21

22